UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LINDA BREITZKE,<br><br>       Plaintiff,<br><br>v.<br><br>ERV WILLIAMS, et al.,<br><br>       Defendants. | No. CV-06-0264-MWL<br><br>ORDER GRANTING PARTIES' STIPULATED MOTION FOR A PROTECTIVE ORDER RELATING TO MATTERS OF DISCOVERY |

    On January 19, 2007, the parties, by and through their counsel of record, stipulated to a protective order regarding discovery in this matter. (Ct. Rec. 11).

    Based on the agreement of the parties, **IT IS HEREBY ORDERED** that the parties' motion for a protective order relating to matters of discovery (**Ct. Rec. 11**) is **GRANTED**.

    Accordingly, the Court **FURTHER ORDERS** that the following conditions shall apply with respect to documents between the parties in this case:

    A.   The term "confidential material" as used herein, shall mean:

        (1)   The Combined Communication Center and Spokane Fire Department files that relate to investigations of the Combined Communication Center and Spokane Fire Department's conduct and shall include that portion of any responses to Interrogatories of the parties, Requests for Production by the parties, depositions

ORDER - 1

of the parties, their agents, employees, and retained expert witnesses and consultants, and depositions of any witness that relate to said files; and

    (2)  The personnel files and training records of the employees and retirees of the City of Spokane; and

    (3)  Name, phone numbers, addresses, and any personal identifying or other information regarding the public.

B. Confidential material shall hereafter be used solely by the parties for the purpose of conducting this litigation and not for any other purpose without order of the Court or written consent of the parties or their counsel.

C. For purpose of conducting this litigation, confidential material may be used by and disclosed only to the following persons:

    (1)  The attorneys, and their employees, working on this action on behalf of either party;

    (2)  The parties, their representatives and their employees with knowledge of the matters which form the basis of this litigation;

    (3)  Any person, including expert witnesses and consultants, who is expressly retained by any attorney or party described in paragraphs (1) and (2) above, to assist in the preparation of this action for trial, whether or not their testimony is to be used at trial;

    (4)  Witnesses having knowledge of the writings or documents and matters disclosed therein; and

    (5)  The Court.

///

ORDER - 2

1  D.  Any person who makes disclosure of confidential material
2 under paragraph C of this Order shall advise each person to whom
3 disclosure is made concerning the terms of this Protective Order.
4  E.  The persons described in subparagraphs (1) through (5) of
5 Paragraph C above are enjoined from disclosing confidential
6 materials or the substance thereof to any other person except in
7 conformance with this Order and the laws relating to public
8 disclosure.
9  F.  Nothing contained herein shall prevent or prejudice the
10 right of any party to apply to the Court for an Order striking the
11 designation of confidentiality and removing documents, writings or
12 information from the restrictions contained in this Order.  Any
13 party may apply to the Court for an Order modifying this Order or
14 imposing additional restrictions upon the use of confidential
15 material.
16  G.  Subject to further order of the Court, any confidential
17 material submitted or presented to or filed with the Court shall
18 be filed in a sealed envelope or other sealed container marked
19 "Confidential" subject to Protective Order, and with the name of
20 the producing party, a statement that said documents are sealed
21 pursuant to this Order and that it is not to be opened or the
22 contents displayed or revealed except in conformity with further
23 order of the Court.
24  H.  Use during trial of any confidential material or
25 information covered by this Order shall be determined by the
26 undersigned judicial officer and no information shall be disclosed
27 in open court without an *in camera* review by the court.
28 ///

ORDER - 3

I. At the conclusion of this matter all copies of any confidential materials produced by the defendants shall be returned to the defendants' attorney.

J. Any disclosure beyond the above limitations shall require a written agreement between the parties or their counsel, or in the event of no agreement, further Order of the Court as described in Paragraph F.

K. Violation of the terms of the Order may be deemed contempt of court. Penalty for said contempt may include but not be limited to financial terms, exclusion from evidence of the confidential material that was disclosed in violation of the order, and the dismissal with prejudice of the offending party's cause of action or defense, and/or any other term deemed appropriate by the Court.

**IT IS SO ORDERED**. The District Court Executive shall file this order and provide a copy to counsel for Plaintiff and Defendants.

DATED this ___31st___ day of January, 2007.

                                              s/Michael W. Leavitt
                                              MICHAEL W. LEAVITT
                                        UNITED STATES MAGISTRATE JUDGE